# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**JASON BAXTER,**

Plaintiff,

**FIRST AMENDED COMPLAINT**

- vs -

Case No. 19-CV-6637DGL

**PAUL PICCOLO**, individually and in his official capacity
as Superintendent of the Southport Correctional Facility;
**TIMOTHY HEATH**, individually and in his official capacity
as the Deputy Superintendent of Security and as Acting
Superintendent at the Southport Correctional Facility;
**JAMES ESGROW**, individually and in his official capacity as a
DOCCS Hearing Officer at the Southport Correctional Facility;
**JOSEPH BRADLEY**, individually and in his official capacity
as a Corrections Captain at the Southport Correctional Facility;
**BART WAGNER**,  individually and in his official capacity
as a Corrections Captain at the Southport Correctional Facility;
**RICHARD  GANTERT**,  individually and in his official capacity
as a Corrections Lieutenant at the Southport Correctional Facility;
**EDWARD THATCHER**, individually and in his official capacity
as a Corrections Lieutenant at the Southport Correctional Facility;
**JANE DOE 1**, individually and in her official capacity as
a Corrections Sergeant at the Southport Correctional Facility;
**ADAM DOLAWAY**, individually and in his official capacity
as a Corrections Sergeant at the Southport Correctional Facility;
**C. GIRIBALDI**, individually and in her official capacity
as a Corrections Sergeant at the Southport Correctional Facility;
**JERRY JOHNSTON**, individually and in his official capacity as
a Corrections Officer at the Southport Correctional Facility;
**J. LUNDUSKY**, individually and in his official capacity as
a Corrections Sergeant at the Southport Correctional Facility;
**K. MOORE**, individually and in his official capacity as a
Corrections Sergeant at the Southport Correctional Facility;
**C. BENNETT**, individually and in his official capacity as
a Corrections Sergeant at the Southport Correctional Facility;
**PETER SCHMITT**, individually and in his official capacity
as a Corrections Sergeant at the Southport Correctional Facility;
**LORRAINE S. BUTLER**, individually and in her official capacity
as a Corrections Officer at the Southport Correctional Facility;
**CARL COX**, individually and in his official capacity as a
Corrections Officer at the Southport Correctional Facility;
**BRANDON COON**, individually and in his official capacity as
a Corrections Officer at the Southport Correctional Facility;
**JOHN DOE 1**, individually and in his official capacity as a
Corrections Officer at the Southport Correctional Facility;

**JOHN DOE 2**, individually and in his official capacity as a
Corrections Officer at the Southport Correctional Facility;
**JOHN DOE 3**, individually and in his official capacity as a
Corrections Officer at the Southport Correctional Facility;
**E. BUTLER**, individually and in his official capacity
as a Corrections Officer at the Southport Correctional Facility;
**B. FOLEY**,  individually and in his official capacity as Southport
Correctional Facility Senior Offender Rehabilitation Coordinator;
**H. MARTIN**, individually and in his official capacity as a
Corrections Officer at the Southport Correctional Facility;
**J. KITTS**, individually and in his official capacity
as a Corrections Officer at the Southport Correctional Facility;
**J. McLAUGHLIN**, individually and in his official capacity
as a Corrections Officer at the Southport Correctional Facility;
**JEFFREY JOHNSON**, individually and in his official capacity
as a Corrections Officer at the Southport Correctional Facility;
**K. MOORE**, individually and in his official capacity
as a Corrections Officer at the Southport Correctional Facility;
**T. MICHAUD**, individually and in his official capacity
as a Corrections Officer at the Southport Correctional Facility;
**R. STROMAN**, individually and in his official capacity
as a Corrections Officer at the Southport Correctional Facility;
**IGP MARTIN**, individually and in his official capacity as the
Southport Correctional Inmate Grievance Program Supervisor;
**ANTHONY J. ANNUCCI**, individually and in his official
capacity as the Acting Commissioner of the New York State
Department of Corrections and Community Supervision;
**DR. JOHN MORELY**, individually and in his official capacity as
Deputy Commissioner for and Chief Medical Officer of the NYS
Department of Corrections and Community Supervision;
**DONALD VENETTOZZI**, individually and in his official capacity
as Director of Special Housing and Inmate Disciplinary Program;
**DR. ANN MARIE T. SULLIVAN**, individually and in her official
capacity as Commissioner of the NYS Office of Mental Health;
**DR. JOHN DOE or DR. JANE DOE**, individually and in their
official capacity as the Chief Mental Health Administrator at the
Southport Correctional Facility;
**MS. WATKINS**, individually and in her official capacity as a
Licensed Clinical Social Worker for the NYS Office of Mental
Health at the Southport Correctional Facility;
**MR. KRESS**, individually and in his official capacity as a NYS
employee in the Southport Correctional Mental Health Unit,

Defendants.

As for his First Amended Complaint, hereby filed pursuant to Order of this Court dated November 12, 2019, Plaintiff JASON BAXTER hereby alleges and shows as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorneys fees, pursuant to  42 USC §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the United States of America and the State of New York.  Plaintiff also asserts claims under the laws of the State of New York.  This First Amended Complaint is filed pursuant to case Document No. 3.  As authorized by this Court's instructions for filing a prisoner's complaint under 42 U.S.C. § 1983 (revised 08/16), Plaintiff has elected to not use the form complaint furnished by the Court along with its November 12, 2019 Order, but herein provides as follows all information requested therein.

## JURISDICTION

2.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a), 1367 and 2201.

## VENUE

3.      Venue before the United States District Court for the Western District of New York is pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

4.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

5.      Plaintiff JASON BAXTER is now and was at all relevant times hereinafter mentioned an inmate serving a sentence of imprisonment with the New York State Department of Corrections and Community Supervision (hereinafter "DOCCS") at the Southport Correctional

Facility ("SCF") under Department Identification Number ("DIN") 10A3096.   His mailing address is: Jason Baxter 10A3096, Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

6.       Defendant PAUL PICCOLO, hereby being sued in both his individual and official capacities, is now and was at all or most times hereinafter mentioned. employed as the Superintendent at Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

7.       Defendant TIMOTHY HEATH, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as the Deputy Superintendent of Security and/or Acting Superintendent of the Southport Correctional Facility. The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

8.      Defendant JAMES ESGROW, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Commissioner's Hearing Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

9.       Defendant JOSEPH BRADLEY, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Captain at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

10.     Defendant BART WAGNER, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Captain at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

11.     Defendant RICHARD GANTERT, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Lieutenant at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

12.     Defendant EDWARD THATCHER, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Lieutenant at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

13.     Defendant JANE DOE 1, hereby being sued in both her individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Sergeant at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

14.     Defendant ADAM DOLAWAY, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Sergeant at the Southport Correctional Facility.  The address at which service of process can be

effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

15.    Defendant C. GIRIBALDI, hereby being sued in both her individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Sergeant at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

16.    Defendant  JERRY JOHNSTON, hereby being sued in both her individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Sergeant at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

17.    Defendant J.  LUNDUSKY, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Sergeant at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

18.    Defendant K. MOORE, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Sergeant at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

19.     Defendant PETER SCHMITT, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Sergeant at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

20.     Defendant C. BENNETT, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

21.     Defendant LORRAINE S. BUTLER, hereby being sued in both her individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

22.     Defendant CARL COX, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

23.     Defendant BRANDON COON, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be

effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

24.     Defendant JOHN DOE 1, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

25.     Defendant JOHN DOE 2, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

26.     Defendant JOHN DOE 3, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

27.     Defendant B. FOLEY, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as the Senior Offender Rehabilitation Coordinator ("SORC") at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

28.     Defendant H. MARTIN, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

29.     Defendant J. KITTS, hereby being sued in both her individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

30.     Defendant J. McGLAUGHLIN, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility. The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

31.     Defendant JEFFREY JOHNSON, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility. The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

32.     Defendant K. MOORE, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility. The address at which service of process can be effected

upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

33.     Defendant T. MICHAUD, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

34.     Defendant R. STROMAN, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Corrections Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

35.     Defendant IGP SUPERVISOR MARTIN, hereby being sued in both her individual and official capacities, is now and was at all times hereinafter mentioned employed as the Inmate Grievance Program Supervisor at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

36.     Defendant ANTHONY J. ANNUCCI, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as the Acting Commissioner of the the New York State Department of Corrections and Community Supervision.  The address at which service of process can be effected upon said defendant is: NYS Department of Corrections and Community Supervision, 1220 Washington Avenue, Building Two, Albany, New York 12226.

37.     Defendant DR. JOHN MORELY, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as a Deputy Commissioner for and Chief Medical Officer of the New York State Department of Corrections and Community Supervision.  The address at which service of process can be effected upon said defendant is: NYS Department of Corrections and Community Supervision, 1220 Washington Avenue, Building Two, Albany, New York 12226.

38.     Defendant DONALD VENETTOZZI, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed as the Director of Special Housing and Inmate Disciplinary Program for the New York State Department of Corrections and Community Supervision.  The address at which service of process can be effected upon said defendant is: NYS Department of Corrections and Community Supervision, 1220 Washington Avenue, Building Two, Albany, New York 12226.

39.     Defendant DR. ANN MARIE T. SULLIVAN, hereby being sued in both her individual and official capacities, is now and was at all times hereinafter mentioned employed as the Commissioner of the New York State Office of Mental Health ("OMH").  The address at which service of process can be effected upon said defendant is: NYS Office of Mental Health, 44 Holland Avenue, Albany, New York 12229.

40.     Defendant DR. JOHN or JANE DOE, hereby being sued in both his or her individual and official capacities, is now and was at all times hereinafter mentioned employed as the Chief Mental Health Officer at the Southport Correctional Facility.  The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

41.     Defendant MS. WATKINS,  hereby being sued in both her individual and official capacities, is now and was at all times hereinafter mentioned employed by the State of New York OMH as a Licensed Clinical Social Worker in the Mental Health Unit at the Southport Correctional Facility.   The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

42.     Defendant MR. KRESS, hereby being sued in both his individual and official capacities, is now and was at all times hereinafter mentioned employed by the State of New York OMH in the Mental Health Unit at the Southport Correctional Facility.   The address at which service of process can be effected upon said defendant is: Southport Correctional Facility, 236 Bob Masia Drive, P.O. Box 2000, Pine City, New York 14871-2000.

## PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

43.     Plaintiff's previous State court actions challenging the criminal convictions for which he is imprisoned were limited to his direct appeal which was denied by the Second Department Appellate Division of the New York State Supreme Court on January 6, 2016. *People v. Baxter*, 102 AD3d 805, leave den. 23 NY3d 960 (2014).

44.     Plaintiff's Federal court actions further challenging his criminal convictions are limited to a 28 U.S.C. § 2254 *habeas corpus* petition filed in the Eastern District Court under the case name of *Baxter v. Graham*, 15-CV-03197 (LDH), which is now yet pending before reassigned Judge LaShann DeArcy Hall.  (Docket entry date April 5, 2019).

45.     On January 28, 2019 Plaintiff filed in this Court a previous prisoner's rights action under 42 U.S.C. § 1983 entitled *Baxter v. Wagner*, 19-CV-06077 (DGL).  By Order of the Court dated March 22, 2019 the action was dismissed with prejudice for failure to state a claim.

(Docket # 4).  Said action is now pending appeal before the Second Circuit Court of Appeals under Court of Appeals Docket No. 19-1014.

46.  On February 6, 2019 Plaintiff filed in this Court a previous prisoner's rights action under 42 U.S.C. § 1983 entitled *Baxter v. Bradley*, 19-CV-06105 (DGL).[1]  On May 31, 2019 the Court ordered that Plaintiff's Amended Complaint could proceed to service.  (Docket #5).  As of this date that action is yet awaiting service of the Amended Complaint upon the defendant.

47.  On February 12, 2019 Plaintiff filed in this Court a previous prisoner's rights action under 42 U.S.C. § 1983 entitled *Baxter v. Martin*, 19-CV-06115 (DGL).  By Order dated April 1, 2019 (04/02/2019 Docket entry) the Court granted Plaintiff's motion to withdraw that action.

48.  On February 28, 2019 Plaintiff filed in this Court a previous prisoner's rights action pursuant to 42 U.S.C. § 1983 titled *Baxter v. Krusen, et al.*, Case No. 19-CV-06155 (DGL). By Order dated October 2, 2019 that action was dismissed with prejudice.  (Docket # 5).

49.  On September 12, 2019 Plaintiff filed in this Court a prisoner's rights action under 42 U.S.C. § 1983 under the title *Baxter v. McNelis, et al.*, Case No. 19-CV-06679 (DGL).[2]  By Order of Judge David G. Larimer dated October 3, 2019 (Docket # 3) that action was transferred to the Northern District Court where it is now pending under Case No. 19-CV-01346 (LEK).

50.  On September 30, 2019 Plaintiff filed in this Court a previous prisoner's rights action pursuant to 42 U.S.C. § 1983 titled, as the instant action, *Baxter v. Piccolo, et al.*, under Case No. 19-CV-6722 (DGL).  By Order of the Court dated December 2, 2019 said case was dismissed as duplicative of the instant case.  (Docket # 3).

---

1   Alleging different facts and causes of action than those alleged in the present action.

2   Also alleging different facts and causes of action than those alleged in the present action.

51.     Aside and apart from the above actions, the only other actions commenced by Plaintiff relating to his current imprisonment was a prior State court action pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") seeking annulment of a prison Tier III hearing disposition adjudicating Plaintiff guilty of violating rules governing inmate behavior, which was dismissed by Decision and Order of the Fourth Department Appellate Division dated and entered on March 15, 2019. *Matter of Baxter v. Annucci*, 170 AD3d 1503.

## STATEMENT OF CLAIM

52.     This action arises under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  Plaintiff also asserts claims under the Constitution and laws of the State of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

53.     As required by 42 U.S.C. § 1197e(a), Plaintiff has fully exhausted all available administrative remedies necessary to now proceed before this Court as to each Cause of Action set forth herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

54.     Plaintiff JASON BAXTER has been continuously incarcerated with the DOCCS since June 24, 2010.

55.     Officials employed by the DOCCS and/or the OMH have long since diagnosed Plaintiff as suffering from serious mental disorder, disease, or defect, for which he has been under the care of a psychiatrist, and for which he has from time to time been housed in a DOCCS Mental Health Unit ("MHU").

56.     Despite Plaintiff's psychiatric issues, various DOCCS officials have ordered him continuously confined  in various disciplinary isolation cells at SCF since December 12, 2017.

57.     Shortly following his December 12, 2017 commitment to SCF, Plaintiff began lodging informal verbal complaints over the conditions of his confinement and his treatment by various SCF corrections officers.

58.     None of those informal verbal complaints resulted in satisfactory resolution of the various issues complained of and, in fact, the treatment of Plaintiff's person by SCF staff got worse as the result of his lodging such informal verbal complaints.

59.     By reason of his informal verbal complaints being summarily dismissed by SCF staff members without satisfactory resolution, Plaintiff commenced to utilizing the formal grievance processes set forth in DOCCS Directive No. 4040.

60.     On June 9, 2018 Plaintiff filed a formal written grievance complaining that an unknown SCF corrections officer came to Plaintiff's assigned cell that date "singing" about persecution and rape.

61.     On June 26, 2018 Plaintiff filed a formal written grievance complaining that a mechanical restraint order issued or extended on or about June 25, 2018, was based on fabricated allegations of inmate misconduct.

62.     On July 1, 2018 Plaintiff filed a formal written grievance complaining that unnamed defendant SCF corrections officers and corrections sergeants had been providing him with razors belonging to and used by other inmates, and that such was being done as a means of unlawful retaliation.

63.     On July 2, 2018  Plaintiff filed a formal written grievance complaining that the June 2018 mechanical restraint order had expired and that he was then yet being subjected thereto.

64.    On August 8, 2018 Plaintiff filed a formal written grievance complaining that Defendant BRANDON COON had that day inappropriately denied him a shower, and further, that said Defendant COON had been unlawfully interfering with Plaintiff's rights to utilize the DOCCS Inmate Grievance Program.

65.    On August 9, 2018 Plaintiff filed a formal written grievance complaining that Defendant  BRANDON COON had been denying him showers and cell cleaning supplies as a means of unlawful retaliation for his filing of grievances.

66.    On September 2, 2018 Plaintiff filed a formal written grievance complaining that Defendant BRANDON COON had been tampering with food items served at meal times.

67.    On September 9, 2018 Plaintiff filed a formal written grievance complaining that Defendant BRANDON COON and a facility nurse had manufactured a lie that Plaintiff had been kicked out of a prison gang because he was a rapist.  In that same formal written grievance Plaintiff further complained that Defendant IGP SUPERVISOR MARTIN was neglecting her duty to properly file, investigate and proceed forward with formal written grievances Plaintiff had been attempting to file against Defendant BRANDON COON.

68.    On September 11, 2018 Plaintiff filed a formal written grievance complaining that the cell in which he was then housed was infested with rodents.

69.    On September 11, 2018 Plaintiff filed another formal written grievance complaining that unknown SCF staff members were substantially reducing the portions of food he was being fed.

70.    On September 23, 2018 Plaintiff filed a formal written grievance complaining that Defendant BRANDON COON had denied him toothpaste and a toothbrush, and had that same date also denied him the opportunity to informally resolve the matter with an area supervisor.  In

that same formal written grievance Plaintiff again further complained that Defendant IGP SUPERVISOR MARTIN was neglecting her duty to properly file, investigate and proceed forward with formal written grievances Plaintiff had been attempting to file against Defendant BRANDON COON.

71.   On October 2, 2018 Plaintiff filed a formal written grievance complaining that SCF staff members were harassing him at night by leaving his cell light on, or continually flashing it on and off.

72.   On October 8, 2018 Plaintiff filed a formal written grievance complaining that, while he was taking a shower that day, Defendant BRANDON COON entered his assigned cell to plant contraband therein and to rummage through his confidential legal papers.

73.   On November 2, 2018 Plaintiff filed a formal written grievance complaining that Defendant BRANDON COON had been sexually harassing him verbally by stating and suggesting that homosexuality was okay.

74.   On November 12, 2018 Plaintiff filed a formal written grievance complaining that on November 9, 2018 Defendants BRANDON COON and PETER SCHMITT had thwarted his efforts to speak with an area supervisor in effort to resolve the problem over said Defendant BRANDON COON denying him a new and clean razor during the SCF inmate razor exchange.

75.   On November 15, 2018 Plaintiff filed a formal written grievance complaining that Defendant BRANDON COON had sexually harassed Plaintiff by that day saying that the hot dogs on Plaintiff's food tray looked like a penis, and that Defendant PETER SCHMITT had allowed such incident to occur in his presence.

76.    On March 7, 2019 Plaintiff filed a formal written grievance complaining that on that date Defendant BRANDON COON denied him hygienic cleaning supplies to clean his cell.

77.     On March 7, 2019 Plaintiff filed a formal another written grievance complaining of being continually harassed by Defendant BRANDON COON and that Defendant K. MOORE, the area supervisor, refused to speak with Plaintiff about the matter.

78.     On March 8, 2019 Plaintiff filed a formal another written grievance complaining that Defendant BRANDON COON intentionally skipped the regular and normal order of cells for inmate showers by which to force Plaintiff to use a dirty shower contaminated with various unhygienic matter, and further, that such action on the part of said Defendant BRANDON COON was knowingly overlooked and encouraged by Defendant K. MOORE.

79.     On April 8, 2019 Plaintiff filed a formal written grievance complaining that, with the consent of Defendant K. MOORE, Defendants BRANDON COON and R. STROMAN were denying him cleaning supplies to clean his assigned cell.

80.     On April 25, 2019 Plaintiff filed a formal written grievance complaining that on that same day Defendant BRANDON COON and three other corrections officers stood in front of his cell staring at him while he was naked.

81.     On April 29, 2019 Plaintiff filed a formal written grievance complaining that Defendant PETER SCHMITT denied him the right to personally appear at a disciplinary proceeding then being conducted against him.

82.     On May 1, 2019 Plaintiff filed a formal written grievance complaining that he was being repeatedly harassed in various forms by Defendants BRANDON COON, J. KITTS and R. STROMAN.

83.     On May 1, 2019 Plaintiff filed a second formal written grievance complaining that on April 26, 2019 he was physically and sexually assaulted by Defendant BRANDON COON.

84.     On May 1, 2019 Plaintiff filed a third formal written grievance complaining that Defendant JANE DOE 1 was directing or encouraging subordinate SCF defendants to harass him.

85.     On May 5, 2019 Plaintiff filed a formal written grievance complaining that he was being subjected to unlawfully issued deprivation orders resulting in him being denied his right to personally appear at disciplinary hearings held on April 29, April 30, 2019 and May 3, 2019, and further resulting in him being denied the opportunity to attend scheduled mental health counseling appointments with his psychiatrist.

86.     On May 10, 2019 Plaintiff filed a formal written grievance complaining that he was being unlawfully denied advancement in the DOCCS' Progressive Inmate Movement System ("PIMS").

87.     On May 12, 2019 Plaintiff filed a formal written grievance complaining that on May 7, 2019 Defendants JOSEPH BRADLEY and BART WAGNER conspired to maliciously order regular searches of Plaintiff's assigned cell(s) in effort to harass him.

88.     On May 22, 2019  Plaintiff filed a formal written grievance complaining that the cell in which he was then housed was infested with rodents and insects.

89.     On May 27, 2019 Plaintiff filed a formal written grievance complaining that on May 25, 2019 he had been physically and sexually assaulted by Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3.

90.     On May 29, 2019 Plaintiff filed a formal written grievance complaining that the cell in which he was then housed was infested with mold.

91.     On June 18, 2019 Plaintiff again filed a formal written grievance complaining that he was being unlawfully denied advancement in the PIMS by Defendants TIMOTHY HEATH and PETER SCHMITT.

92.     On June 25, 2019 Plaintiff filed a formal written grievance complaining that he was being unlawfully imprisoned in a disciplinary isolation cell at SCF as he was supposed to have been released from isolation confinement on May 7, 2019.

93.     On June 27, 2019 Plaintiff filed a formal written grievance complaining that he was being subjected to unlawful retaliation by Defendants TIMOTHY HEATH and PETER SCHMITT.

94.     On July 14, 2019 Plaintiff filed a formal written grievance complaining of Defendant BRANDON COON again denying him cleaning supplies for his cell, and further complaining that said Defendant BRANDON COON was harassing him in various ways specified therein.

95.     On July 21, 2019   Plaintiff filed a formal written grievance complaint to Defendant IGP SUPERVISOR MARTIN complaining that Defendants BRANDON COON and R. STROMAN had been employing unlawful retaliatory measures against him.

96.     On July 28, 2019 Plaintiff filed a formal written grievance again complaining that Defendants JOSEPH BRADLEY and BART WAGNER continued conspiring to maliciously order regular searches of Plaintiff's assigned cell(s) as a means of harassing him.

97.     On July 31, 2019 Plaintiff filed a formal written grievance complaining that his confinement to SCF disciplinary isolation cells was unlawful and intended to serve as retaliation over his having filed prior formal grievances, and further complaining that he had been denied the right to be personally present at disciplinary hearings dealing with his alleged misbehavior.

98.    All above-mentioned formal grievances were addressed and sent to Defendant IGP SUPERVISOR MARTIN.

99.    None of said formal grievance complaints resulted in any meaningful curative action being implemented or awarded by the Inmate Grievance Resolution Committee ("IGRC").

100.    In accordance with DOCCS Directive No. 4040, Plaintiff then appealed each and every one of those grievance denials to Defendant PAUL PICCOLO.

101.    All such grievance appeals were thereafter denied in whole by said Defendant PAUL PICCOLO or Defendant TIMOTHY HEATH.

102.    In accordance with DOCCS Directive No. 4040, Plaintiff then unsuccessfully appealed each and every one of those grievance denials to the DOCCS Central Office Review Committee ("CORC").

## **FIRST CAUSE OF ACTION – RETALIATION**

103.    Plaintiff JASON BAXTER repeats, reiterates, and realleges each and every allegation set forth above in preceding paragraphs 1 through 102 inclusive with the same full force and effect as if individually set forth herein at length under this First Cause of Action.

104.    Plaintiff's lodging of the aforementioned informal verbal complaints and formal written grievance complaints against SCF employees was constitutionally protected conduct.

105.    Plaintiff's filing against SCF employees the aforementioned civil rights violations actions in the Federal District Courts pursuant to 42 U.S.C. § 1983 was also constitutionally protected conduct.

106.    As the direct and proximate result of Plaintiff's constitutionally protected conduct in lodging and filing such informal and formal grievances and federal civil rights actions, Plaintiff suffered unlawful retaliation.

107.   The retaliatory action he suffered in the form of fabricated or falsified misbehavior reports included:

A.   a Tier 3 misbehavior report dated June 3, 2018 in which Defendant J. LUNDUSKY falsely charged Plaintiff with Assault on Staff (DOCCS Rule 100.11), Violent Conduct (Rule 104.11), Creating a Disturbance (Rule 104.13), Disobeying a Direct Order (Rule 106.10) and Interference (Rule 107.10), for which Defendant BART WAGNER adjudicated Plaintiff guilty as charged and sentenced Plaintiff to serve disciplinary Special Housing Unit ("SHU") confinement and loss of privileges;

B.   a Tier 3 misbehavior report dated June 3, 2018 in which Defendant H. MARTIN falsely charged Plaintiff with Lewd Conduct (Rule 101.20), for which Defendant BART WAGNER adjudicated Plaintiff guilty as charged and sentenced Plaintiff to serve disciplinary keeplock confinement and loss of privileges;

C.   a Tier 3 misbehavior report dated October 18, 2018 in which Defendant J. KITTS falsely charged Plaintiff with Threats (Rule 102.10) and Unhygienic Act (Rule 118.22), for which Defendant JAMES ESGROW adjudicated Plaintiff guilty as charged and for which Plaintiff was sentenced to serve disciplinary SHU confinement and loss of privileges;

D.   a Tier 3 misbehavior report also dated October 18, 2018 in which Defendant T. MICHAUD falsely charged Plaintiff with Disobeying a Direct Order (Rule 106.10), Obstructing Visibility (Rule 112.22) and Unhygienic Act (Rule 118.22), for which Defendant JAMES ESGROW adjudicated Plaintiff guilty as charged and sentenced Plaintiff to serve disciplinary SHU confinement and loss of privileges;

E.   a Tier 3 misbehavior report dated April 4, 2019 in which Defendant LORRAINE S. BUTLER falsely charged Plaintiff with Disobeying a Direct Order (Rule 106.10)

and Lewd Conduct (Rule 101.20), for which Defendant JAMES ESGROW adjudicated Plaintiff guilty as charged and sentenced Plaintiff to serve disciplinary keeplock confinement and loss of privileges;

F.      a Tier 2 misbehavior report dated April 19, 2019 in which Defendant ADAM DOLAWAY falsely charged Plaintiff with Creating a Disturbance (Rule 104.13), Disobeying a Direct Order (Rule 106.10) and Interference with an Employee (Rule 107.10), for which Defendant RICHARD GANTERT adjudicated Plaintiff guilty as charged and sentenced Plaintiff to serve disciplinary keeplock confinement and loss of privileges;

G.      a Tier 3 misbehavior report dated April 25, 2019 in which Defendant J. KITTS falsely charged Plaintiff with Creating a Disturbance (Rule 104.13), Interference (Rule 107.10), Harassment (Rule 107.11) and Disobeying a Direct Order (Rule 106.10), for which Defendant JAMES ESGROW adjudicated Plaintiff guilty as charged and sentenced Plaintiff to serve disciplinary keeplock confinement and loss of privileges;

H.      two Tier 3 misbehavior reports dated May 1, 2019 by which Defendants C. GIRIBALDI and R. STROMAN falsely charged Plaintiff with two (2) counts of Harassment (Rule 107.11), two counts of Threats (Rule 102.10), one (1) count of Creating a Disturbance (Rule 104.13) and one (1) count of Disobeying a Direct Order (Rule 106.10), for which Defendant JAMES ESGROW adjudicated Plaintiff guilty as charged and sentenced Plaintiff to disciplinary keeplock confinement, loss of privileges, and recommended loss of good time;

I.      two Tier 3 misbehavior reports dated May 31, 2019 by which Defendants BRANDON COON and J. McLAUGHLIN falsely charged Plaintiff with two (2) counts of Creating a Disturbance (Rule 104.13), two (2) counts of Interference (Rule 107.10), two (2) counts of Threats (Rule 102.10), two (2) counts of Disobeying a Direct Order (Rule 106.10), and

one (1) count each of Harassment (Rule 107.11) and Obstructing Visibility (Rule 112.22), for which Defendant JOSEPH BRADLEY adjudicated Plaintiff guilty as charged and sentenced Plaintiff to disciplinary SHU confinement, loss of privileges, and recommended loss of good time allowances;

J.      a Tier 3 misbehavior report dated June 6, 2019 by which Defendant K. MOORE falsely charged Plaintiff with Creating a Disturbance (Rule 104.13), Harassment (Rule 107.11) and Disobeying a Direct Order (Rule 106.10), for which Defendant JAMES ESGROW adjudicated Plaintiff guilty as charged and sentenced Plaintiff to disciplinary keeplock confinement and  loss of privileges, and;

K.      two Tier 3 misbehavior reports dated June 7, 2019 in which Defendants BRANDON COON and K. MOORE falsely charged Plaintiff with two (2) counts of Interference (Rule 107.10), two (2) counts of Harassment (Rule 107.11) and two (2) counts of Disobeying a Direct Order (Rule 106.10), for which Defendant B. FOLEY adjudicated Plaintiff guilty as charged and sentenced Plaintiff to disciplinary SHU confinement and  loss of privileges.

108.    The retaliatory action Plaintiff suffered in the form of unwarranted deprivation orders included:

A.      a deprivation order requested by Defendant BART WAGNER and approved and issued by Defendant RICHARD GANTERT denying Plaintiff showers from June 7, 2019 through and including June 17, 2019 based on the false allegation that Plaintiff had been argumentative and disruptive;

B.      a deprivation order requested by Defendant ADAM DOLAWAY and approved and issued by Defendant BART WAGNER further denying Plaintiff showers between

July 29, 2019 and August 9, 2019 based on similar false allegation that Plaintiff had been argumentative and disruptive;

C.     a deprivation order requested by Defendant K. MOORE and approved and issued by Defendant BART WAGNER denying Plaintiff running water in his assigned cell between August 13, 2019 and August 19, 2019 based on the false allegation that Plaintiff had flooded his cell and had been disruptive and uncooperative, and;

D.     a deprivation order also requested by Defendant K. MOORE and approved and issued by Defendant BART WAGNER denying Plaintiff cleaning supplies for his assigned cell between August 13, 2019 and August 19, 2019 based on the false allegation that Plaintiff had refused an order to return cleaning supplies and had been disruptive and argumentative.

109.   The retaliatory action Plaintiff suffered in the form of unjustified mechanical restraint orders included:

A.     a restraint order recommended by either Defendant ADAM DOLAWAY, C. GIRIBALDI, K. MOORE, J. LUNDUSKY, JANE DOE 1 or PETER SCHMITT, and approved and issued by either Defendant PAUL PICCOLO or TIMOTHY HEATH, required Plaintiff to wear mechanical restraints in the outdoor recreation pens from June 22, 2018 through June 25, 2018, based on the false accusation that he had threatened one or more unnamed staff members;

B.     a restraint order recommended by either Defendant ADAM DOLAWAY, C. GIRIBALDI, K. MOORE, J. LUNDUSKY, JANE DOE 1 or PETER SCHMITT, and approved and issued by either Defendant PAUL PICCOLO or TIMOTHY HEATH, required Plaintiff to wear mechanical restraints in the outdoor recreation pens from June 25, 2018 through

July 1, 2018, based on the false accusation that he had threatened one or more unnamed staff members;

       C.     a restraint order recommended by Defendant PETER SCHMITT, and approved and issued by Defendant TIMOTHY HEATH, required Plaintiff to wear mechanical restraints in the outdoor recreation pens from May 31, 2019 through June 2, 2019, based on the false accusation that he had threatened one or more unnamed staff members;

       D.     a restraint order recommended by Defendant ADAM DOLAWAY, and approved and issued by Defendant TIMOTHY HEATH, required Plaintiff to wear mechanical restraints in the outdoor recreation pens from June 3, 2019 through June 10, 2019, based on the false accusation that he had threatened one or more unnamed staff members;

       E.     a restraint order recommended by either Defendant ADAM DOLAWAY, C. GIRIBALDI, K. MOORE, J. LUNDUSKY, JANE DOE 1 or PETER SCHMITT, and approved and issued by Defendant TIMOTHY HEATH, required Plaintiff to wear mechanical restraints in the outdoor recreation pens from June 10, 2019 through June 16, 2019, based on the false accusation that he had threatened one or more unnamed staff members;

       F.     a restraint order recommended by Defendant PETER SCHMITT, and approved and issued by Defendant TIMOTHY HEATH, required Plaintiff to wear mechanical restraints in the outdoor recreation pens from June 17, 2019 through June 23, 2019, based on the false accusation that he had threatened one or more unnamed staff members, and;

       G.     a restraint order recommended by Defendant PETER SCHMITT, and approved and issued by Defendant TIMOTHY HEATH, required Plaintiff to wear mechanical restraints in the outdoor recreation pens from June 23, 2019 through June 30, 2019, based on the false accusation that he had threatened one or more unnamed staff members;

110.    The retaliatory action Plaintiff also suffered in other forms included the following incidents:

A.    the unprovoked June 3, 2018 physical assault of his person by Defendants CARL COX and JEFFREY JOHNSON;

B.    the June 9, 2018 sexual harassment of his person by an unknown SCF corrections officer;

C.    the August 28, 2018 tampering with his food tray by Defendant BRANDON COON;

D.    the September 23, 2018 denial of toiletry and oral hygiene supplies by Defendant BRANDON COON;

E.    the November 9, 2018 sexual harassment of his person by Defendant BRANDON COON;

F.    the November 10, 2018 sexual harassment of his person by Defendant BRANDON COON;

G.    the November 15, 2018 sexual harassment of his person by Defedant BRANDON COON;

H.    the March 7, 2019 sexual harassment of his person by Defendant BRANDON COON and refusal of Defendant K. MOORE to intervene and stop such;

I.    the April 25, 2019 sexual harassment of his person by Defendants BRANDON COON, JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3;

J.    the unprovoked April 26, 2019 physical and sexual assault of his person by Defendant BRANDON COON;

K.    the July 12, 2019 sexual harassment of his person by Defendant BRANDON COON;

L.    the denial of inmate telephone calls per the direction or order of Defendant BART WAGNER;

M.    the housing of Plaintiff in cells known to be infested with mold, rodents, and insects, per the direction or order of Defendant TIMOTHY HEATH;

N.    the denial of the right to advancement in the PIMS escalation policies and procedures per the orders of Defendants PETER SCHMITT and TIMOTHY HEATH, and;

O.    the unusually excessive number of random searches of his assigned cell at the direction or order of Defendant TIMOTHY HEATH;[3]

111.    All of said Defendants J. LUNDUSKY, BART WAGNER, H. MARTIN, J. KITTS, JAMES ESGROW, T. MICHAUD, LORRAINE S. BUTLER, ADAM DOLAWAY, RICHARD GANTERT, C. GIRIBALDI, R. STROMAN, BRANDON COON, K. MOORE, J. McGLAUGHLIN, JOSEPH BRADLEY, B. FOLEY, PETER SCHMITT, JANE DOE 1, TIMOTHY HEATH, PAUL PICCOLO, CARL COX, JEFFREY JOHNSON, JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 were acting under the color of state law while committing such aforesaid acts.

112.    Said retaliatory acts of said Defendants violated Plaintiff's rights as guaranteed under the First, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution.

---

3   Sixteen (16) searches, conducted on: June 27, 2018; July 11, 2018; July 25, 2018; August 18, 2018; September 12, 2018; October 14, 2018; November 17, 2018; December 11, 2018; January 29, 2019; March 6, 2019; March 11, 2019; April 29, 2019; May 10, 2019; June 23, 2019; July 22, 2019, and; July 28, 2019.

**SECOND CAUSE OF ACTION – DENIAL OF DUE PROCESS**

113.    Plaintiff JASON BAXTER repeats, reiterates, and realleges each and every allegation set forth above in preceding paragraphs 1 through 112 inclusive with the same full force and effect as if individually set forth herein at length under this Second Cause of Action.

114.    At the Tier hearings on all the falsified misbehavior reports cited at preceding paragraph 107, Defendants BART WAGNER, JAMES ESGROW, RICHARD GANTERT, JOSEPH BRADLEY and B. FOLEY denied Plaintiff his due process rights to meaningful assistance,  to hear and contest the evidence against him, and to introduce documentary and testimonial evidence in his own behalf.

115.    The administrative appeals by right challenging the determinations reached at those hearings were decided by Defendants DONALD VENETTOZZI and PAUL PICCOLO.

116.    Said defendants deciding such administrative appeals failed to give full and fair consideration to Plaintiff's arguments.

117.    In the course of conducting and deciding the aforesaid hearings and appeals, said Defendants were acting under the color of state law.

118.    Such acts of said Defendants violated Plaintiff's rights as guaranteed under the Fifth and Fourteenth Amendments to the U.S. Constitution.

**THIRD CAUSE OF ACTION – DENIAL OF PSYCHIATRIC CARE**

119.    Plaintiff JASON BAXTER repeats, reiterates, and realleges each and every allegation set forth above in preceding paragraphs 1 through 118 inclusive with the same full force and effect as if individually set forth herein at length under this Third Cause of Action.

120.    Since shortly following his December 12, 2017 arrival at SCF Plaintiff has been under the care of Defendant DR. JOHN or JANE DOE psychiatrist, and has oftentimes been

seen, treated and counseled by Defendants MS. WATKINS, MR. KRESS and other mental health providers employed by the OMH and working in the facility MHU.

121.    The fact of Plaintiff undergoing mental health treatment is and was known to Defendants J. LUNDUSKY, BART WAGNER, H. MARTIN, J. KITTS, T. MICHAUD, LORRAINE S. BUTLER, ADAM DOLAWAY, RICHARD GANTERT, C. GIRIBALDI, BRANDON COON, R. STROMAN, J. McGLAUGHLIN, JOSEPH BRADLEY, K. MOORE, B. FOLEY, PETER SCHMITT, JANE DOE 1, TIMOTHY HEATH, PAUL PICCOLO, CARL COX, JEFFREY JOHNSON, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and others employed by the DOCCS at SCF.

122.    On April 19, 2019 Plaintiff missed a scheduled appointment with his psychiatrist because one or more of said Defendants refused to allow escort of him from his assigned cell to the facility MHU.

123.    On May 3, 2019 Plaintiff missed another scheduled appointment with his psychiatrist because one or more of said Defendants refused to allow escort of him from his assigned cell to the facility MHU.

124.    On May 31, 2019 Plaintiff missed yet another scheduled appointment with his psychiatrist because one or more of said Defendants refused to allow escort of him from his assigned cell to the facility MHU.

125.    On multiple other occasions in and around April and May of 2019, Plaintiff told Defendants J. LUNDUSKY, BART WAGNER, H. MARTIN, J. KITTS, T. MICHAUD, LORRAINE S. BUTLER, ADAM DOLAWAY, RICHARD GANTERT, C. GIRIBALDI, BRANDON COON, R. STROMAN, J. McGLAUGHLIN, JOSEPH BRADLEY, K. MOORE, B. FOLEY, PETER SCHMITT, JANE DOE 1, TIMOTHY HEATH, PAUL PICCOLO,

CARL COX, JEFFREY JOHNSON, JOHN DOE 1, JOHN DOE 2, and  JOHN DOE 3, that he was in need of emergency mental health care, whereupon he requested that they arrange for him to be seen by mental health treatment providers in the facility MHU.

126.   All such requests for emergency mental health care were summarily denied by said Defendants.

127.   It was with deliberate indifference to Plaintiff's mental health and well being that one or more of the aforementioned Defendants refused to allow him to be escorted to the aforesaid appointments with his psychiatrist and arrange emergency mental health care for him.

128.   It was also with deliberate indifference to his mental health and well being that Defendants DR. JOHN or JANE DOE, MS. WATKINS and MR. KRESS failed to check on Plaintiff after he missed his aforementioned scheduled appointments with his psychiatrist.

129.   In the course of committing such intentional or negligent acts, all said Defendants were acting under the color of state law.

130.   The foregoing intentional and negligent acts of said Defendants violated Plaintiff's rights guaranteed under the Eighth  Amendment to the U.S. Constitution.

### FOURTH CAUSE OF ACTION – EQUAL PROTECTION

131.   Plaintiff JASON BAXTER repeats, reiterates, and realleges each and every allegation set forth above in preceding paragraphs 1 through 130 inclusive with the same full force and effect as if individually set forth herein at length under this Fourth Cause of Action.

132.   The PIMS is designed and intended to be applied equally to all DOCCS inmates subject to disciplinary confinement, regardless of race, creed, color, national origin, sex, religion, health status, or other identifiable factor widely considered as discriminatory.

133.   Plaintiff is African American, he suffers mental illness, and he has an established

history of exercising his constitutional rights to petition government officials and the courts for redress of his grievances.

134.    Despite meeting the criteria set out in the rules, regulations, policies and procedures of the DOCCS for advancement in the PIMS, Defendants PETER SCHMITT and TIMOTHY HEATH have repeatedly denied Plaintiff PIMS level advancement.

135.    On or about May 10, 2019 Plaintiff complained to Defendant PETER SCHMITT that despite his eligibility therefor, he was being denied PIMS level advancement, while multiple eligible White and  Hispanic inmates were being afforded such, whereupon said Defendant replied, stating in sum and substance that Plaintiff's mental illness warranted denial of PIMS level advancement opportunity for him.

136.    On or about June 18, 2019 Plaintiff complained to Defendant TIMOTHY HEATH that despite his eligibility therefor, he was being denied PIMS level advancement, whereupon said Defendant replied in sum and substance that the reason Plaintiff was being denied PIMS level advancement was because of the many formal written grievances he was filing.

137.    Therefore apparent is that Defendants PETER SCHMITT and TIMOTHY HEATH were then discriminating against Plaintiff by reason of his mental health status and/or his propensity for exercising his right to utilize the DOCCS grievance mechanism to complain about the conditions of his confinement at SCF.

138.    In the course of reaching or rendering such discriminatory decisions, Defendants PETER SCHMITT and TIMOTHY HEATH were acting under the color of state law.

139.    Such acts of said Defendants violated Plaintiff's rights under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and served as cruel and unusual punishment violative of the Eighth Amendment.

## FIFTH CAUSE OF ACTION – ASSAULT & FAILURE TO PROTECT

140.    Plaintiff JASON BAXTER repeats, reiterates, and realleges each and every allegation set forth above in preceding paragraphs 1 through 139 inclusive with the same full force and effect as if individually set forth herein at length under this Fifth Cause of Action.

141.    On June 3, 2018, while Plaintiff was mechanically restrained by handcuffs, he was physically assaulted by Defendant Corrections Officers CARL COX and JEFFREY JOHNSON.

142.    Said assault occurred inside Plaintiff's assigned cell, where and when said Defendants repeatedly punched him with their fists and hit him with a metal waist chain, resulting in physical injuries to Plaintiff for which he was treated by SCF medical staff.

143.    Such assault was witnessed by Defendant J. LUNDUSKY, the area supervisor Sergeant, who was then and there present.

144.    Said physical assault by said Defendants CARL COX and JEFFREY JOHNSON was not in any way provoked or encouraged by Plaintiff.

145.    Defendant J. LUNDUSKY did not intervene or direct Defendants CARL COX and JEFFREY JOHNSON to stop such assault.

146.    On April 26, 2019 Plaintiff was again assaulted inside his assigned cell by Defendant Corrections Officer BRANDON COON, where and when no other SCF staff members were personally present.

147.    Said Defendant BRANDON COON then and there used his closed fists and knees to repeatedly batter Plaintiff, resulting in physical injuries to him.

148.    After finishing such physical assault, Defendant COON then sexually assaulted Plaintiff by slapping his buttocks and thighs while making homosexual type comments.

149.    Defendant BRANDON COON has a reported history of physically assaulting

other inmates, which such history is known to most if not all his supervisors, including but not limited to: Defendants PAUL PICCOLO, TIMOTHY HEATH, JOSEPH BRADLEY, BART WAGNER, RICHARD GANTERT, EDWARD THATCHER, JANE DOE 1, ADAM DOLAWAY, C. GIRIBALDI, JERRY JOHNSTON, J. LUNDUSKY, K. MOORE, and PETER SCHMITT.

150.    Defendant BRANDON COON also has a protracted reported history of committing verbal sexual assaults against Plaintiff, which such history of verbal sexual assaults and harassment of Plaintiff was previously made know to Defendants PAUL PICCOLO, TIMOTHY HEATH, JOSEPH BRADLEY, BART WAGNER, RICHARD GANTERT, EDWARD THATCHER, JANE DOE 1, ADAM DOLAWAY, C. GIRIBALDI, JERRY JOHNSTON, J. LUNDUSKY, K. MOORE, and PETER SCHMITT.

151.    Despite knowing of Defendant BRANDON COON'S history of physically assaulting other inmates and his history of verbally sexually assaulting and harassing Plaintiff, Defendants  PAUL PICCOLO, TIMOTHY HEATH, JOSEPH BRADLEY, BART WAGNER, RICHARD GANTERT, EDWARD THATCHER, JANE DOE 1, ADAM DOLAWAY, C. GIRIBALDI, JERRY JOHNSTON, J. LUNDUSKY, K. MOORE, and PETER SCHMITT knowingly allowed Defendant BRANDON COON to be alone with Plaintiff entirely unsupervised, and thereby provided opportunity for COON to carry out such physical and sexual assault of Plaintiff.

152.    All Defendants named in this Fifth Cause of Action were acting under the color of state law when committing the intentional or negligent acts set forth above.

153.    Such intentional and negligent acts of said Defendants violated Plaintiff's rights embodied in the Eighth Amendment to the U.S. Constitution.

## SIXTH CAUSE OF ACTION – FAILURE TO TRAIN

154.   Plaintiff JASON BAXTER repeats, reiterates, and realleges each and every allegation set forth above in preceding paragraphs 1 through 153 inclusive with the same full force and effect as if individually set forth herein at length under this Sixth Cause of Action.

155.   As the Acting Commissioner of the New York State Department of Corrections and Community Supervision, Defendant ANTHONY J. ANNUCCI was and is responsible for, among other things, the training and supervision of all subordinate DOCCS employees and the duty to ensure that all such subordinate DOCCS employees discharge their duties in accordance with Federal and New York State constitutional law, New York statutory law, and the rules, regulations, policies and procedures promulgated by and for the  New York State Department of Corrections and Community Supervision.

156.   As the Superintendent of the Southport Correctional Facility, Defendant PAUL PICCOLO was and is responsible for, among other things, the training and supervision of all subordinate DOCCS employees working at the Southport Correctional Facility and the duty to ensure that all such subordinate DOCCS employees working at the SCF discharge their duties in accordance with Federal and New York State constitutional law, New York statutory law, and the rules, regulations, policies and procedures promulgated by and for the  New York State Department of Corrections and Community Supervision.

157.   As the Commissioner of the New York State Office of Mental Health, Defendant DR. ANN MARIE T. SULLIVAN was and is responsible for, among other things, the training and supervision of all subordinate New York State Office of Mental Health employees and the duty to ensure that all such subordinate OMH employees discharge their duties in accordance with Federal and New York State constitutional law, New York statutory law, and the rules,

regulations, policies and procedures promulgated by and for the  New York State Office of Mental Health.

158.    As the OMH head psychiatrist assigned to work at the Southport Correctional Facility, Defendant  DR. JOHN or JANE DOE was and is responsible for, among other things, the training and supervision of all subordinate New York State Office of Mental Health employees assigned to work at the SCF and the duty to ensure that all such subordinate OMH employees discharge their duties in accordance with Federal and New York State constitutional law, New York statutory law, and the rules, regulations, policies and procedures promulgated by and for the  New York State Office of Mental Health.

159.    At all times relevant to this First Amended Complaint, in their respective official capacities said Defendants  ANTHONY J. ANNUCCI, DR. ANN MARIE T. SULLIVAN, PAUL PICCOLO and  DR. JOHN or JANE DOE were acting under the color of state law.

160.    By actual or *de facto* policy or custom, Defendant ANTHONY J. ANNUCCI delegated to Defendant PAUL PICCOLO the duty to train and supervise all subordinate DOCCS employees assigned to work at the Southport Correctional Facility.

161.    By actual or *de facto* policy or custom, Defendant  PAUL PICCOLO delegated to subordinate SCF employees the duty to train and supervise their SCF subordinate employees.

162.    By actual or *de facto* policy or custom, Defendant DR. ANN MARIE T. SULLIVAN delegated to DR. JOHN or JANE DOE the duty to train and supervise all subordinate OMH employees assigned to work at the Southport Correctional Facility.

163.    By actual or *de facto* policy or custom, Defendant DR. JOHN or JANE DOE delegated to subordinate OMH employees assigned to SCF the duty to train and supervise their OMH subordinate employees at the SCF.

164.    Such actual or *de facto* policies or customs of said Defendants promote or allow the unconstitutional treatment of SCF inmates.

165.    As the direct and proximate result of such *de facto* policies or customs of said Defendants, Plaintiff has suffered the violations of his rights under the Constitutions of the United States and of the State of New York alleged within this First Amended Complaint.

## SEVENTH CAUSE OF ACTION – VIOLATIONS OF NYCRR TITLE 7

166.    Plaintiff JASON BAXTER repeats, reiterates, and realleges each and every allegation set forth above in preceding paragraphs 1 through 165 inclusive with the same full force and effect as if individually set forth herein at length under this Seventh Cause of Action.

167.    7 NYCRR § 254.6(b) sets forth policies and procedures required to be followed in the course of conducting Tier 3 hearings on DOCCS inmates accused of misbehavior who suffer mental health issues.

168.    In the course of conducting the Tier 3 hearings against Plaintiff, the fact of his pronounced mental health issues was not considered by Defendants BART WAGNER, JAMES ESGROW, JOSEPH BRADLEY and B. FOLEY.

169.    As the direct and proximate result of said Defendants not adhering to the policies and procedures set forth in 7 NYCRR § 254.6(b), Plaintiff suffered deprivations of rights and considerations to which he was entitled thereby.

## DAMAGES

170.    Plaintiff JASON BAXTER repeats, reiterates, and realleges each and every allegation set forth above in preceding paragraphs 1 through 169 inclusive with the same full force and effect as if individually set forth herein at length.

171.    By reason of the above described acts intentional, deliberate and negligent acts of Defendants PAUL PICCOLO, TIMOTHY HEATH, JAMES ESGROW, JOSEPH BRADLEY, BART WAGNER, RICHARD GANTERT, EDWARD THATCHER, JANE DOE 1, ADAM DOLAWAY, C. GIRIBALDI, JERRY JOHNSTON, J. LUNDUSKY, K. MOORE, C. BENNETT, PETER SCHMITT, LORRAINE S. BUTLER, CARL COX, BRANDON COON, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, E. BUTLER, B. FOLEY, H. MARTIN, J. KITTS, J. McGLAUGHLIN, JEFFREY JOHNSON, K. MOORE, T. MICHAUD, R. STROMAN, IGP MARTIN, ANTHONY J. ANNUCCI, DR. JOHN MORELY, DONALD VENETTOZZI, DR. ANN MARIE T. SULLIVAN, DR. JOHN DOE or JANE DOE, MS. WATKINS and MR. KRESS, Plaintiff JASON BAXTER has suffered extreme physical pain and discomfort, severe emotional distress, loss of privileges, deterioration of mental health, and other unforeseen damages to his person, for which he requests:

A.    judgment for compensatory damages against all Defendants in an amount to be determined at trial;

B.    judgment for punitive damages against all Defendants in an amount to be determined at trial;

C.    an award for the costs of this action against all Defendants, including reasonable attorney fees in accordance with 42 U.S.C. § 1988;

D.    leave to file second or successive amended complaints upon such grounds as may be just so as not to cause him any undue prejudice, and;

E.    orders granting him such other and further relief as to this this Court may seem just, proper and equitable.

Pursuant to 28 U.S.C. § 1746, Plaintiff JASON BAXTER declares under penalty of perjury that the foregoing facts are true and correct to the best of his knowledge and belief.

Executed:   December 23, 2019
            Pine City, New York

Jason Baxter